Cooper, (I. Z.) v. The State.

---

## COOPER (I. Z.) v. THE STATE.

1. CRIMINAL LAW: *Removing mortgaged property ; recording the lien.*
   Actual recording of the instrument creating the lien is not necessary, under either *Sec. 1409 Gantt's Digest*, or the *Act of 3d February, 1875*, to make it a felony for one to remove, sell, barter, or otherwise dispose of the liened property. Filing in the Recorder's office, as required by the acts, is sufficient.

2. CRIMINAL PLEADING: *Indictment for disposing of mortgaged property.*
   An indictment charging that the accused "feloniously did sell, barter, or *otherwise dispose of*" a mortgaged horse, is bad for uncertainty. The manner of the disposal must be specified.

3. SAME: *General demurrer to several counts.*
   A general demurrer to an indictment containing several counts should be overruled, if either count be good.

4. CRIMINAL LAW: *Verdict on several counts, when good.*
   A general verdict of guilty on an indictment containing several counts is good, if either of the counts be good, and be sustained by evidence.

5. SAME: *Removing mortgaged property not condoned by giving other property.*
   After the offense of removing mortgaged property has been committed it cannot be condoned by satisfying the creditor with other property.

APPEAL from *Lawrence* Circuit Court.
Hon. R. A. POWELL, Circuit Judge.

Cooper, (I. Z.) v. The State.

*Isaac Z. Cooper, pro se.*

It is a felony to dispose of mortgaged property when the mortgage is properly recorded. *Acts* 1875, *p.* 129 ; but by the *Acts* 1877, *p.* 81, which provides for filing mortgages, etc., no penalty is attached for disposing of the property so mortgaged.

No copy of the indictment was served upon appellant. *Const. Ark., p.* 4, *sec.* 10.

*C. B. Moore, Attorney-General,* for the appellee :

The indictment is founded on the latter part of the section of the Act of February 3, 1875. *Acts* 1874–5, *p.* 129–30. The *lien is created by the execution of the deed of trust,* and no matter whether it was ever recorded, or filed for record ; if the lien existed and the property is disposed of without consent, the offense is complete. The filing or recording is only to give notice, etc. The lien exists and is complete, as between mortgagor and mortgagee, *though never acknowledged or recorded. Main* v. *Alexander,* 9 *Ark.,* 112 ; *Jacoway* v. *Gantt,* 20 *Ark.,* 190 ; *Hannah* v. *Carrington,* 18 *Ark.,* 105.

The Act of March 10, 1877, *Acts* 1877, *p.* 80, certainly intended that "filing" is to be, to all intents and purposes, a *recording* of the instrument. Any mortgage, under the old law, was regarded as recorded from the hour of its *filing,* and since the last act provides that it shall be notice, etc., *"without further record,"* such filing is a *recording of the lien,* and a party removing the property, etc., is amenable, under the Act of February 3, 1875.

ENGLISH, C. J. On the third of September, 1881, Isaac

Z. Cooper was indicted in the Circuit Court of Lawrence county for removing mortgaged property, etc.

There were three counts in the indictment, the first count charging, in substance :

That said Isaac Z. Cooper, on the first day of June, 1881, in the county of Lawrence, etc., feloniously did remove beyond the limits of said county, one sorrel horse, of the value of fifty dollars, upon which sorrel horse then and there did exist a lien, by virtue of a deed of trust executed by the said Isaac Z. Cooper, on the thirteenth day of January, 1881, in favor of G. Kaufman, as trustee, for the benefit of E. Krone & Co., a firm composed of E. Krone and J. B. Oppenheimer, which said deed of trust was endorsed as follows, to-wit :

"This instrument is to be filed, but not recorded.

"E. KRONE & Co.,

"By GABE."

And was duly filed in the office of the Recorder of Deeds in and for said county of Lawrence ; he, the said Isaac Z. Cooper, then and there not having the consent of the said G. Kaufman, trustee as aforesaid, or E. Krone & Co., so to do, against the peace, etc., etc.

The second count charged, in substance ;

That the said Isaac Z. Cooper, on the first day of June, 1881, in the county aforesaid, feloniously did secrete a certain sorrel horse, of the value of fifty dollars, on which said sorrel horse then and there did exist a lien, by virtue of a deed of trust executed by the said Isaac Z. Cooper, on the thirteenth day of January, 1881. in favor of G. Kaufman, as trustee, etc., etc.

The remainder of this count was the same as the first.

The third count charged, in substance :

That the said Isaac Z. Cooper, on the first day of June, 1881, in the county aforesaid, feloniously did "*sell, barter,*

·or *otherwise dispose of*" a certain sorrel horse, of the value of fifty dollars, on which said sorrel horse a lien then and there existed, by virtue of a certain deed of trust executed by the said Isaac Z. Cooper, on the thirteenth day of January, 1881, in favor of G. Kaufman, as trustee, etc., etc.

The remainder of this count was the same as the first and second.

The defendant entered a demurrer, in short, to the whole indictment, which the court overruled; he was tried on the plea of not guilty, the jury found him guilty, and fixed his punishment at imprisonment in the penitentiary for two years. He filed a motion for a new trial, which was overruled, and he was sentenced in accordance with the verdict.

I. Did the court err in overruling the demurrer to the indictment? Did it charge against appellant any public offense?

Appellant was indicted under the Act of the third of February, 1875 (*Acts of* 1874–5, *p.* 129), which is as follows:

"Sec. 1. That section 1409 of *Gantt's Digest* be and the same is hereby amended so as to read as follows: Any person, or persons, who shall hereafter remove beyond the limits of this State, or of any county wherein the lien may be recorded, property of any kind, upon which a lien shall exist, by virtue of a mortgage, deed of trust, or by contract of parties, or by operation of law, or who shall sell, barter, or exchange, or otherwise dispose of any such property, without the consent of the person or persons in whose favor such lien shall have been created or exists by law, or who shall secrete the same, or any portion thereof, shall be deemed guilty of a felony," etc.

The original act thus amended, passed December 21, 1846, provided that "Any person who shall remove beyond the limits of the State, or of any county wherein the lien

1. Removing mortgaged property. Recording the lien.

may be recorded, property of any kind upon which a lien shall exist by virtue of a mortgage, deed of trust, or otherwise, as now prescribed by law, without the consent of the person in whose favor such lien shall have been created, upon conviction thereof, shall be sentenced to hard labor in the penitentiary,'' etc.

At the time the original act was passed, and at the time it was amended, under our system of registration, a mortgage, or deed of trust, properly acknowledged and filed in the recorder's office, was constructive notice to all persons, from the time of the filing. *Gantt's Dig. Secs.* 860, 4288 ; *Hannah* v. *Carrington,* 18 *Ark.,* 85 ; *Oats* v. *Walls,* 28 *Ark.,* 248.

When the conveyance was so filed the lien was, in legal effect, for all purposes of notice, recorded. Such must have been the understanding of the Legislature when the acts were passed making it criminal to remove, etc., property on which a lien so existed. If the conveyance must actually be recorded before it is an offense to remove, secrete, sell, barter or exchange, or otherwise dispose of the property, it may be done without the commission of any crime, at any time between the filing of the instrument and its actual registration. It is not to be supposed that the law-makers left open such a gap for the perpetration of wrong without punishment. There can be no good reason why the maker of a mortgage, or deed of trust should be punished for wrongfully removing or disposing of property covered by it, after the deed is actually recorded, and go unpunished for the same wrongful act, done after he has solemnly executed and acknowledged the conveyance, and it has been filed for record, but before the recorder has had time or convenience to copy it on his record book. The latter is within the spirit of the statute, and as much

within the mischief intended to be prevented by them as the former.

So, upon principle, we think, a mortgage, or deed of trust, of personal property, filed in the recorder's office, under the provisions of the Act of the tenth of March, 1877, (*Acts of* 1877, *p*. 80), is a recorded lien within the meaning and intention of the Act under which appellant was indicted, though, by the terms of the Lien Act, such conveyance is never to be actually recorded.

*Filing the lien sufficient. Actual recording unnecessary.*

The Act provides that the mortgage, or trust deed, shall be a lien on the property therein described, from the time of the filing, and the same shall be kept there for the inspection of all persons interested, and said instrument shall be, thenceforth, notice to all the world of the contents thereof, without *further record*, except as hereinafter provided. *Sec*. 1.

The fourth section requires the recorder to keep a book, in which shall be entered a minute of mortgages and trust deeds of personal property, etc., ruled in separate columns, and showing the time of reception, names of mortgagor and mortgagee, date of instrument, amount secured, when due, description of property, etc.

This minute book is, by the act, substituted for full registration, when the mortgagee indorses on the deed, "This instrument to be filed, but not recorded."

Why should the maker of a mortgage, or trust deed, go unpunished for wrongfully removing property from the county where the instrument is made matter of public record in the mode prescribed by the statute, and is a lien upon the property, and notice to all the world? Or why permit him to remove it from the State, or secrete it, or sell, barter, exchange, or otherwise dispose of. it, in fraud of the rights of creditors secured by it, and yet be guilty of no crime? In view of justice, there can be no differ-

27—37

ence between his wrongful conduct and that of one who removes or disposes of property covered by a deed spread at length on a record book in the recorder's office; and the Legislature intended no such distinction in the criminal Acts.

The demurrer was to the whole of the indictment, and if any one of the three counts was good, it was properly overruled.

The first count, for removing the horse, embraced in the trust deed, beyond the limits of Lawrence county; and the second count, for secreting the horse, was good.

2. Indict-
ment must
specify
manner of
disposal.

The third count charged that appellant "feloniously did sell, *barter*, or *otherwise dispose of*" the horse.

There are several modes by which the offense intended to be punished by the Statute may be committed, as by removing the property beyond the limits of the State, or of the county, or to secrete it, or, in the language of the act, to "*sell, barter, or exchange, or otherwise dispose of* any such property," etc.

A *sale* is an exchange of goods or property for money paid or to be paid. *Barter* and *exchange* are of about the same meaning. *Barter*—the exchange of one commodity or article of property for another. *Exchange of goods*—a commutation, transmutation, or transfer of goods for other goods, as distinguished from *sale*, which is a transfer of goods for money. *Burrill Law Dic.*

A count charging the sale of the property would be good.

So a count charging a barter *or* exchange of the property, or using either word, or both in the conjunctive, would be good. 1 *Bishop on Crim. Pro.*, secs. 585 to 592.

But the third count in the indictment, charging that appellant did "*sell, barter or otherwise dispose of*" the horse, was too uncertain in an indictment for felony, and had there

been a separate demurrer to this count, it should have been sustained.

In drafting an indictment, under the Statute, if there is uncertainty about the mode in which the offense may have been committed, counts may be added, charging it in different modes.

II. The verdict was general upon the indictment. Where there is a general verdict of guilty on an indictment consisting of several counts, if any one of them is good, it is sufficient. *Brown* v. *State*, 10 *Ark.*, 607. But the good count must be sustained by evidence. *State* v. *Mathis*, 3 *Ark.*, 84.

*4. Verdict on several counts, when good.*

It appears from the bill of exceptions that on the trial there was no evidence that the appellant removed the horse embraced in the deed of trust (which, with its certificate of acknowledgment and endorsement of filing by the recorder, was read in evidence) beyond the limits of Lawrence county, as charged in the first count of the indictment.

Nor was there any evidence that he secreted the horse, as charged in the second count.

There was evidence conducing to prove that in the spring, or early in the summer of 1881, appellant sold or *traded* the horse to one Gentry, who lived near him, in Lawrence county, and that he disposed of the horse to another person, and it was taken to Randolph county.

Appellant admitted that he knew he was doing wrong when he sold or traded the horse.

But all this evidence related to the third count in the indictment, which charged that he "feloniously did *sell, barter, or otherwise dispose of*" the horse.

The appellant objected to so much of the first instruction given by the court to the jury as charged them "that if they found, from the evidence, that defendant secreted, or sold, or bartered, or otherwise disposed of said sorrel horse, they

Cooper, (I. Z.) v. The State.

should find him guilty," on the ground that it was too general and misleading—"that he could not tell what the *otherwise* was."

This objection, though overruled by the court, was well taken. It would be unsafe to permit an accused to be convicted in a case involving liberty on a charge so loose and uncertain.

5. Removing mortgaged property not condoned by giving other property.

III. Appellant asked the court to charge the jury that:—"If the jury find, from the evidence, that E. Krone & Co. agreed with the defendant that they would accept another horse in place of said sorrel horse, and that said E. Krone & Co. took possession of said other horse, this was a satisfaction of the lien of said Krone & Co. on said sorrel horse, and they will find for the defendant."

This instruction was refused by the court, and properly. There was evidence that appellant first represented to the beneficiaries in the trust deed that the sorrel horse had died, but that after they ascertained that this was not the truth—that he had sold or traded the horse to Gentry—and had him arrested, he delivered to the trustee another horse, which he sold, and credited the price on the trust debt.

It was well for the appellant thus to satisfy his creditors, but this was no condonation of his offense against the public.

But for the errors above indicated the judgment must be reversed, and the cause remanded to the court below for a new trial; or appellant may be held to answer a new indictment, at the election of the prosecuting attorney.