Grace v. the State.

---

## GRACE vs. THE STATE.

1. CRIMINAL LAW : *Removing mortgaged property; construction of Statute.*

It is no crime to remove from the county a crop on which there is an unrecorded landlord's lien. The Statute of February 3, 1875, inhibits the removal of property only when the lien is recorded.

APPEAL from *Johnson* Circuit Court.

HON. G. S. CUNNINGHAM, Circuit Judge.

*Idus L. Fielder* for Appellant.

1.   The indictment is fatally defective.

2.   The Act upon which it was based admits of but *one* construction and that is: it is made a felony to remove the property, etc., where the lien *is recorded.*

If by any possible distortion of the Statute it could be held to apply to unrecorded liens in cases where the property is removed beyond the limits of the *State*, the rule certainly could not extend to cases of removal beyond the limits of the *County*, because the language of the Statute is: "or of any county wherein the lien may be *recorded*," etc.

*Moore, Attorney-General* for the State.

This case can only be determined *by the construction of the words of the act*, and for the purpose of having it construed we submit it without argument, instead of confessing error.

SMITH, J.   Grace was indicted for removing beyond the limits of Johnson county certain cotton and corn, "on which a lien did then and there exist, in favor of H. E. Hudspeth as the landlord and owner of the land on which the same were produced without the consent of the said Hudspeth." His demurrer to the indictment was overruled and an exception noted.   Upon the trial, which resulted in his conviction, it appeared that the contract between him and Hudspeth was verbal and that no lien or notice of lien had been recorded or filed.   He moved the following instruction which was refused: "If the jury find from the evidence that the landlord's lien upon said corn and cotton had never been recorded or filed, they must acquit."

In his motion for a new trial he incorporates the refusal of the Court to give this direction and also alleges

that the verdict was contrary to law. He also moved in arrest of judgment on account of the insufficiency of the indictment to charge a public offense.

The act of February 3rd, 1875, provides that any person who shall remove, beyond the limits of this State, or of any county wherein the lien may be recorded, property of any kind, upon which a lien shall exist, by virtue of a mortgage or deed of trust, or by contract of parties or by operation of law, without the consent of the person in whose favor such lien shall have been created, or exists by law, shall be guilty of a felony.

Section 1409 of Gantt's Digest, of which this act is amendatory only made it punishable to remove property upon which there existed a recorded lien.

It was probably the intention of the Legislature to extend the law so as to cover removals of property bound by an unrecorded lien. But by using the language of the old Statute, which described only one of the two classes of cases designed to be reached, and by endeavoring to express in one section what could have been more appropriately said in two or more, obscurity and confusion have resulted. Grace's case appears to be within the mischief intended to be remedied, but not within the words of the act.

Now the offence is purely statutory. It is not a crime in itself to remove property that is subject to a lien; it is only so by the prohibition of the statute. And "in expounding penal statutes, it is an established rule, that the construction must be strict as against the defendant, but liberal in his favor." *Meyers vs. State*, 1 *Conn.* 502, *Bishop on Statutory Crimes, Secs.* 190, 196–7.

Our conclusion is, that to make the removal of crops subject to a landlord's lien beyond the county a crime,

the lien must be recorded. Where the lease is by parol, this is of course impossible.

. Reversed and remanded with directions to sustain a demurer to the indictment.