STOUT v. STATE.

43    413
70    331

43    413
j76   315

43    413
f79   215
f79   521

1.  LIQUOR.  *Selling or giving on election day.*
    The provision of the general election law of Jan'y 23, 1875, against giving away or selling intoxicating liquor on election day does not apply to an election for a school director at an annual school meeting provided for by the common schools act of 1875.

APPEAL from *Conway* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*Robert J. Howard,* for appellant.

The "annual school meeting of the district" is not an election within the meaning of the law. Statutes in declaring what acts shall constitute an offense and in prescribing the punishment to be inflicted, are to be construed rigorously. 6 *Hill,* 616.

School districts are bodies corporate, *quasi* municipal corporations. In selecting directors, the electors hold a "public meeting," choose a chairman and vote for directors, as citizens choose deacons, vestrymen, bank directors, &c., which being completed, they adjourn. The 22d section of the General Election Law does not opply to these "meetings," but only to *elections* held under the act Jan'y 22d, 1875. *Acts, p.* 92, *Secs.* 1 *to* 45.

*C. B. Moore,* Att'y Gen'l, *contra.*

The election for school directors under Act Dec., 7, 1875, Secs. 54–58, pp. 72-3, is such an election as is contemplated by *Sec.* 22, *Act Jan.* 23, 1875, *Acts,* 1874 5, *p.* 97. The language is *"any* election".

The school election is held with judges and clerks, returns made, &c., and *Sec.* 56 school law provides that the *election* shall be held according to the general election law. I see no good reason why the provision in relation to dram shops, &c., should not apply.

1. Selling liquor on election day

SMITH, J. Stout was charged with giving away intoxicating liquors in his school district on the day of the annual school meeting, at which a director was to be chosen. After a demurrer to the indictment was overruled, he was convicted

and fined $200. The testimony showed that on said day he gave a man, at his request, a drink of whisky, after the polls were closed. He was not the owner or keeper of a drinking saloon. A motion in arrest of judgment was also denied.

The statute that was supposed to be violated is the 22d section of the general election law of January 23, 1875, This provides that "all dram-shops or drinking-houses in any county, city, town, or township shall be closed during the day of any election held therein, and the succeeding night, and any person selling or giving away any intoxicating liquors during said day or night, in any county, city, town or township in which any such election may be held, shall be punished by fine, &c."

Penal statutes, in declaring what acts shall constitute an offence, and in prescribing the punishment to be inflicted, are to be construed rigorously. "The general words shall be restrained for the benefit of him against whom the penalty is inflicted." The case of an offender must fall both within the words and the mischiefs to be remedied. *Potter's Dwarris on Statutes,* 245 ; *Grace v. State,* 40 *Ark.,* 97.

The annual school meeting which is provided for by *sections* 54–5–6 of the *Common School's Act* of *December* 9, 1875, is not an election within the meaning of the above quoted act. Each school district is by law a *quasi* corporation. The corporators, who are the qualified electors residing within the district, meet at 2 P. M., of the day fixed for meeting, five constituting a quorum, elect a director, vote a tax, transact other school business, and then adjourn. Ballots are used in determining the choice of a director and the rate of taxation to be voted. But it is no more an election within the contemplation of the statute than the appointment of a city clerk or attorney by the council of a city, or the election of presiding and other officers by the two Houses of the General Assembly.

Law not applicable to school elections.

Reversed and remanded with directions to arrest the judgment.