## GILLAN v. STATE.

1. LIQUOR: *Selling to minor.*
   One who sells liquor to another for a minor, without notice that he is purchasing for the minor, can not be convicted of a sale to the minor.

2. SAME: *Same.*
   Giving liquor to a minor, or bartering, or exchanging it with him, is not within the terms of the statute prohibiting the sale of it to them, and is not indictable.

APPEAL from *Nevada* Circuit Court

Hon. L. A. BYRNE, Judge.

*C. C. Hamby* for Appellant.

Criminal statutes are construed strictly, and the word *sale* has a technical legal signification. *Bouvier, vol. 2., p. 492; Rapalje Law Dic., vol. 2, p. 1144.*

*Sec. 1878, Mansf. Dig.*, only applies to *sales* to minors, and there is no law against the exchange of liquor. See *45 Ark., 351; 30 Ala., 591; 12 N. H., 390; 32 Barb., 630; 5 Heisk., 555; 65 Ind., 409.*

*Dan. W. Jones,* Attorney General, for Appellee.

The sale to the negro and the exchange to the minor are all one transaction for the same consideration; and constitute a sale. *45 Ark., 356.*

1. LIQUOR:—
Selling to min-
ors.

·COCKRILL, C. J. The appellant was indicted for selling liquor to a minor without the consent of his parent or guardian and was convicted.

It was proved that the minor gave money to a negro to purchase liquor for him, and that the negro made the purchase of the appellant, at his saloon, in the minor's absence, without disclosing his agency. The liquor, it seems, was not to the minor's taste, and he returned it to the appellant in person at his saloon and received a different brand from him in lieu of it.

It is not contended that the appellant, when he delivered the liquor, had any reason to suspect that the negro was acting as agent for the minor. He could not then, upon that state of proof alone, be convicted of making a sale to the minor. *Foster v. State, 45 Ark., 361–67.* If the appellant was apprised, however, before the exchange was made with the minor, that he was the real purchaser, and thereafter treated the sale as incomplete by receiving back from the minor the liquor delivered to his agent and by delivering to him other liquor in its stead, upon being assured that it was not the article he desired, this would have been a delivery upon the original consideration,

and therefore a sale to the minor. The minor's testimony tended to show this was the state of the case.

But the appellant maintained that he did nothing more than exchange liquor for liquor, without an intimation that the minor had purchased the liquor of him through an agent; and he asked the court to instruct the jury that, if they believed his version to be the true state of facts, he should be acquitted. The court, however, charged the jury that an exchange was in legal effect a sale, and that the defendant should be convicted if the proof showed that he delivered liquor to the minor in exchange for other liquor.

The statute makes it a penal offense for any one to "sell, exchange, give, barter or dispose of, any spirituous liquors or wine to an Indian," (*Mansf. Dig., sec. 1879,*) but when the subject of minors is dealt with, we find that the legislature has seen fit to extend the prohibition to the single act of selling. *Ib., sec. 1878.* Giving liquor to a minor, or bartering or exchanging it with him, is not within the terms of the statute. And the statute is penal and cannot be extended by the courts to cover other cases not within its terms. That would be judicial legislation. In *Ward v. State, 45 Ark., 351,* we were forced to hold that one who gave liquor to a minor could not be convicted of selling him the liquor under this statute. Quoting with approval *Seigle v. People, 106 Ill., 89,* the court there say: "We cannot construe the word 'sell' in such a statute to mean something different from its ordinary legal import." An exchange or a barter has a different legal import from a sale, as was pointed out by this court in *I. Z. Cooper's case, 37 Ark., 412,* determined under the statute making it penal to sell, barter or otherwise dispose of, mortgaged property. See also *Meyer v. Rousseau, ante.*

Where one commodity is exchanged for another of the same or a different kind without agreement as to price or reference to money payment, the transaction is not a sale, but a

2 SAME:—
Exchange, etc.

barter or exchange. *Cases supra, Gunter v. Leckey, 30 Ala., 591; Mitchell v. Gill, 12 N. H., 390; Woodford v. Peterson, 32 Bart., 630; Lampkin v. Wilson, 5 Heisk., (Tenn.), 555.*

The court erred in instructing the jury that proof of an exchange would justify a conviction under the indictment. *Stevenson v. State, 65 Ind., 409.*

Reverse the judgment and remand the cause for a new trial.