ROBINSON v. STATE.

Opinion delivered June 23, 1894.

*Sale of liquor—Exchange.*

> A loan of whiskey under an agreement in good faith that the borrower will return it in kind at some future day is not a "sale", within a statute forbidding the sale of intoxicating liquors.

Appeal from Lee Circuit Court.

GRANT GREEN, JR., Judge.

*James P. Brown* for appellant.

The question in this case is settled by our decisions. 47 Ark. 555; 37 *id.* 418; 18 U. S. (5 Wh.) 96.

*Jas. P. Clarke,* Attorney General, and *Chas. T. Coleman* for appellee.

Cite 65 Ind. 409; 30 Ala. 591; 8 So. 877.

RIDDICK, J. In this case the appellant was arrested on a warrant, issued by a justice of the peace of Lee county, charging him with an unlawful sale of liquor. He was tried before the justice of the peace, and convicted, and took an appeal to the circuit court. On the trial in that court, there was proof tending to show that the appellant loaned the witness for the State a bottle of whiskey, under an agreement with him that he would return it in kind at some future day. The defendant, by his attorney, requested the court to instruct, in effect, that a delivery of whiskey under an agreement, made in good faith, that it should be replaced by the return of an equal quantity of other whiskey would not

be a "sale", within the meaning of a statute forbidding the sale of liquors. The court refused to give such an instruction, and, in effect, charged the jury that such a transaction would come within the meaning of the word "sale," used in the statute, and that proof of an exchange of liquor for other liquor would sustain a conviction on a charge of selling liquor. The defendant excepted to this ruling of the court, and the question for us to determine is whether it was correct or not.

There is not wanting eminent authority to uphold the ruling of the learned judge of the circuit court. In the case of *Commonwealth* v. *Abrams*, 150 Mass. 393, the Supreme Court of Massachusetts held that a delivery of intoxicating liquors upon an agreement, express or implied, that other liquor will be returned in payment for it is a "sale," within the meaning of the statute of that State relating to the sale of intoxicating liquors. The correctness of this ruling has been doubted, and the decided weight of authority seems to be against it. Mr. Black, in his work on Intoxicating Liquors, speaking of this and other cases from the same court, says: "We think these decisions cannot be sustained on principle. 'Sale,' we are told, is a word of precise legal import, both at law and in equity. It means, at all times, a contract between parties to give and to pass rights of property *for money*, which the buyer pays or promises to pay to the seller for the thing sold.'" Black on Intoxicating Liquors, sec. 403; *Williamson* v. *Berry*, 8 How. 495. He then proceeds to argue that where the legislature has used a word of precise legal import like the word "sale," the courts are not justified in adding to the law as enacted by making such word include barters, exchanges and the like. Black on Intoxicating Liquors, sec. 403.

Having regard to the rule that criminal statutes are to be strictly construed, this court has uniformly

held that, in criminal statutes, the word "sale" does not include an exchange. *Cooper* v. *State*, 37 Ark. 412; *Gillan* v. *State*, 47 Ark. 555. In the last mentioned case, Chief Justice Cockrill, who delivered the opinion of the court, held that exchanging liquor with a minor is not within the terms of the statute prohibiting the sale of liquors to minors, and that proof showing that the defendant exchanged liquor with a minor for other liquor would not justify a conviction under an indictment charging the defendant with having sold liquor to a minor without the consent of his parent or guardian in writing. These cases are supported by a citation of cases from other States.

The prosecuting witness in this case stated that he was sick, and procured the whiskey to be used as a medicine, under promise that he would return it in kind. The law does not allow sales without license or within districts where sales are prohibited, even to sick people. To do so would be to encourage subterfuges and devices to cover illegal sales. But, under an act prohibiting only the sale or giving away of intoxicating liquor, it might not be unreasonable for one to believe, if his neighbor or friend became sick, that he could, without violating the law, deliver him a bottle of whiskey, under a promise in good faith that it should be returned in kind. For the court to hold that such a transaction comes within the meaning of the word "sale" would be to render all persons who had, even in good faith, made such exchanges liable to heavy fines unless the offense was barred by the statute of limitation. When one procures liquor, and agrees, as the only consideration for the same, to return an equal quantity of liquor of the same kind, such a transfer is, in common parlance, usually denominated a "loan," and does not come within the legal meaning of the word "sale." If it be desirable to prohibit such exchanges, it is safer to allow the

legislature to do so by an act forbidding not only the "sale" but also the bartering, exchanging or giving away of intoxicating liquors. The law will not tolerate subterfuges of any kind; and if the defendant, under pretense of making a loan of whiskey, to be returned in kind, actually sold the whiskey, as alleged, he should be punished. But whether he sold it, or only in good faith exchanged it for other liquor of the same kind, is a question of fact; and it is his right to have that question submitted to a jury, to be determined by them after a consideration of all the facts and circumstances surrounding the transaction. Being of opinion that it was error to refuse to submit this question to the jury, the judgment of the circuit court is reversed, and the cause remanded for a new trial. As to whether a transfer of liquor for a consideration to be paid in property of a kind different from the liquor delivered would be a "sale," within the meaning of the statute, the court does not determine.