STATE *v.* ARKADELPHIA LUMBER COMPANY.

Opinion delivered April 12, 1902.

FERRYMAN—PENALTY FOR FAILURE TO POST RATES.—Under Sand. & H. Dig., §§ 3380, 3395, providing that the county clerk shall make out a copy of the ferriage rates fixed by the county court and give· it to the person procuring a ferry license, and that if a ferryman shall neglect to post up the rates of toll he shall forfeit a penalty therefor, a ferryman is not liable for the penalty if the clerk failed to give him a copy of the ferriage rates fixed by the court.

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*W. M. Greene,* for appellant.

It was error to refuse the first, second and fourth prayers of appellant for instructions. Sand. & H. Dig., §§ 3374, 3378, 3379, 3380. The failure of the clerk to make out a copy of the rates fixed by the county court does not excuse appellee. It could have obtained such copy by mandamus. 43 Ark. 62; 45 Ark. 121; Black, Interp. Laws, 335.

*J. E. Bradley* and *J. H. Crawford,* for appellee.

There was no error in the refusal of the appellant's first, second and fourth prayers for instructions, there being no proof that the river at the place of the ferry was a "public navigable stream," within the meaning of Sand. & H. Dig., §§ 3371, 3372, 3374, 3377, 3378. The court could not judicially know that fact. 39 Ark. 403, 407; 16 S. E. 692. The statute in this case will be very strictly construed. 43 Ark 413, 415; 56 Ark. 45, 47; 70 Fed. 199, 201; 42 Fed. 22; 4 Conn. 60; S. C. 10 Am. Dec. 100; 40 Fed. 636; 37 Minn. 433; S. C. 34 N. W. 904; 79 Ia. 560; S. C. 44 N. W. 811; 66 Ark. 472; 59 Ark. 355; 43 L. R. A. 225, 231; 6 Ark. 131; 53 Ark. 334, 336; 56 Ark. 224, 226; 59 Ark. 341, 342, 343; 64 Ark. 284; 41 L. R. A. 669; 23 Am. & Eng. Enc. Law, 375

WOOD, J. This suit was to recover the penalty under Sand. & H. Dig., § 3395, which is as follows: "Every keeper of such ferry shall keep constantly posted up in some conspicuous place at such ferry the rates of toll allowed to be charged. If any ferryman fail or neglect to do so, he shall forfeit and pay the sum of $4 for every such neglect; each day that such ferry rates are not so posted up shall constitute a separate offense, which sum may be recovered in a civil action, one-half for the use of the informer and the other half to the school fund."

Sections 3379 and 3380 are as follows: "The toll of ferries that are now, or hereafter may be, established shall at all times be subject to regulation by the county court."

"The court shall state, on its record, the rates of toll which may be demanded for ferrying passengers, carriages, wagons, carts, beasts, and such other property as is usually transported by ferries. The clerk shall make out a copy of such ferriage rates, under his official signature, and give to the person procuring such license."

The only question we need consider was raised by the following instruction given by the court at the request of the defendant (appellee), to-wit: "The jury is instructed that it is the duty of the clerk of the county court of Clark county to make out annually a copy of the rates of ferriage fixed by the county court for such ferry, under his official signature, and give to the persons procuring such license such copy; and if you find from the evidence in this case that such copy was not furnished by the clerk to the defendant or to some person for it authorized to receive the same, then the defendant was under no legal obligation to post the same, and therefore is not liable to the penalty, or any part thereof, sued for in this action, and you will find for the defendant."

Under this instruction the jury rendered a verdict for the defendant (appellee). The evidence supported the verdict, and the instruction of the court was correct. The county court, for the protection of the public, fixes the rates of ferriage; and, that the ferryman may have at all times convenient as well as authentic and official information of what the rates are, so as to prevent the possibility of mistake on his part as to the legal toll, the clerk is required to furnish him with a copy of the record of rates. The ferryman in turn is required to notify the public by posting the rates in a conspicuous place at the ferry. The law prescribes the method by which the legal rates are made known to the ferryman.

He is not required to receive the information in any other way, and, unless he does receive it in the manner prescribed by law, he is not subject to a penalty for failing to post. He is not required to search the record himself for the information, nor be driven to the expense and trouble of resorting to mandamus to compel the clerk to furnish him a copy of the record, nor is it incumbent upon him even to call upon the clerk for the copy, in order that he may give the public the benefit of the information thus officially obtained. The affirmative duty is put upon the clerk, the public officer, in the first instance, to furnish the copy of the record; then upon the ferryman to furnish the public the information thus obtained by posting.

The statute is a police regulation of a highly useful and necessary occupation. It comes fully within the rule that penal statutes must be strictly construed; that nothing will be taken as intended which is not clearly expressed; and that all doubts will be resolved in favor of the defendant in construing such statutes. 23 Am. & Eng. Enc. Law (1st Ed.), 385, and notes; *State* v. *Lancashire Insurance Co.,* 66 Ark. 472; *L. R. & F. S. Ry.* v. *Oppenheimer,* 64 Ark. 284; *Robinson* v. *State,* 59 Ark. 341; *Watkins* v. *Griffith, id.* 355; *Hawkins* v. *Taylor,* 56 Ark. 45; *Brooks* v. *W. U. Tel. Co., id.* 224; *Casey* v. *State,* 53 Ark. 334; *Stout* v. *State,* 43 Ark. 413; *Grace* v. *State,* 40 Ark. 97, and many other authorities cited in appellee's brief.

Affirmed.