STATE *v.* BROWN.

Opinion delivered May 13, 1907.

LIQUORS—ILLEGAL SALE.—Where A delivered whisky to B, who shortly thereafter handed to A the amount which the whisky cost him, the transaction amounted to a sale, though at the time of the delivery A refused to sell, but offered to lend the whisky to B, who in returning the price directed A, when he ordered more whisky, to replace the loan.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; reversed.

*Wm. F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellant.

The instruction asked by the State ought to have been given. The conclusion is irresistible that the transactions between the appellee and McNeeley constituted a mere subterfuge to cover up a sale. Kirby's Digest, § 5112.

*H. Coleman,* for appellee.

The instruction was properly refused because it excludes from consideration McNeeley's statement that he gave appellee the money, not in payment for the whisky received, but as his agent to buy other whisky. A *bona fide* loan of whisky does not come within the meaning of the statute. See Kirby's Digest, § 5112. One may lawfully act as agent for the purchase of whisky with money furnished by another. 72 Ark. 14.

HILL, C. J.   Harry Brown was indicted in Arkansas County for selling liquor without license to one McNeeley. Both State and defendant rested upon the testimony of McNeeley, which was in substance as follows: He went to a livery stable in which Brown was employed as a hostler, and saw Brown with two bottles of whisky in his pocket. He asked Brown to sell him some whisky, and Brown replied he could not, but that he would loan him some, and he told Brown to let him have one or two bottles. Brown then let him have the two bottles. Nothing was said as to when it should be returned or paid for. About an hour and a half later he returned to the stable and asked what it cost to get whisky there, and Brown replied sixty cents a pint, and McNeeley gave him (Brown) $1.20, and told him when he made another order to get him (Mc-Neeley) some and keep that in place of what he had got.

This was the whole transaction, and the court sent the case to the jury as to whether the transaction was a subterfuge to violate the law or whether it was in good faith a loan of whisky, and refused an instruction to the effect that if the jury found that defendant delivered whisky to McNeeley and in an hour and a half later McNeeley gave him money therefor, this would constitute a sale, and they should convict. The jury acquitted the defendant, and the State has appealed.

In *Cooper* v. *State,* 37 Ark. 412, it was held that "a *sale* is an exchange of goods or property for money paid or to be paid."

In *Gillan* v. *State,* 47 Ark. 555, it was held that giving liquor to a minor, or bartering it or exchanging it, was not within the terms of the statute prohibiting the sale. Chief Justice COCKRILL, delivering the opinion of the court, said: "Where one commodity is exchanged for another of the same or

different kind without agreement as to price or reference to money payment, the transaction is not a sale, but a barter or exchange." Citing cases.

In *Robinson* v. *State,* 59 Ark. 341, the court held the loan of whiskey under an agreement that it should be returned in kind at some future date was not a sale within the meaning of the statute. The court said: "But whether he sold .it, or only in good faith exchanged it for other liquor of the same kind, is a question of fact; and it is his right to have that question submitted to a jury, to be determined by them after a consideration of all the facts and circumstances surrounding the transaction." Here the facts fail to bring the case within the rule in *Robinson* v. *State,* and the court will not extend the rule of that case beyond the facts therein. There was an agreement for the return of the whisky in kind, and circumstances tended to prove a real loan. The borrower was sick and procured the whisky to be used as medicine, under a promise that he would return it in kind.

This case lacks that agreement of return in kind and any circumstances indicating a loan in good faith. The transaction began with a request by McNeeley to purchase whisky of Brown. He said he could not sell it to him, but he would loan it to him, and the whisky sought was obtained under guise of a loan. Nothing was said of returning it in kind or quality, or any other indicia of a real loan. Had the transaction ended there, there would have been a jury question under the rule in *Robinson* v. *State*. But it did not end there. An hour and a half later McNeeley returns and asks the cost of whisky at that place, and was . told it was sixty cents a pint, and then gave Brown $1.20 for the two pints that he had ostensibly "borrowed," and told Brown to buy two pints for him and keep what he bought in place of what he had "borrowed."

"A loan (for consumption) is a transfer of personal property, such as corn or money, to be consumed by the borrower, and to be returned to the lender in kind and quality." *Kinne* v. *Kinne,* 45 Howard's Practice Reports, 61.

This definition from Webster has been judicially affirmed: "'To deliver to another for temporary use, on condition that the thing be returned; or to deliver for temporary use on condi-

tion that an equivalent in kind shall be returned with a compensation for its use." *Ramsey* v. *Whitbeck,* 81 Ill. App. 210.

Contrast a loan with a sale, as defined in 37 Ark. 418 (*Cooper* v. *State*): "A sale is an exchange of goods or property for money paid or to be paid." The facts here bring the case within the latter definition. Ostensibly, it began as a loan. But an hour and a half later the loan—if it were a loan—was turned into a sale by a payment of the price or value of the goods ostensibly loaned.

Taking the transaction in its entirety, there can be no doubt that it was a sale of whisky, and the court should have so instructed the jury.

Reversed and remanded.

Mr. Justice BATTLE dissenting.