SLUDER *v.* STATE.

Opinion delivered December 9, 1907.

LIQUORS—GOOD FAITH IN SALE OF WINE.—Where the evidence showed that defendant, having the right to sell wine in packages of five gallons, sold a five-gallon keg on credit, and allowed the purchaser to carry away from a quart to a gallon until the keg was exhausted, and received money and work in payment from time to time, the question whether the transaction amounted to a sale of an original package of five gallons, or whether it was a sale of such quantities as the purchaser wanted from time to time, was for the jury.

Appeal from Johnson Circuit Court; *J. Hugh Basham,* Judge; reversed.

*Cravens & Covington,* for appellant.

The jury should have been instructed to acquit if the sale was made *bona fide* and in quantities not less than five gallons, although the entire quantity was not removed at the time of sale. Kirby's Digest, § § 7795, 5100.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* for appellee.

Error was committed in refusing to instruct the jury that the question was as to the *bona fides* of the transaction. This should have been submitted to the jury.

HILL, C. J.  Sluder was indicted for selling a quart of wine within three miles of the Knoxville public school contrary to the local option order of the county court of Johnson County. The court directed the jury to find the defendant guilty, which the jury did and assessed his fine at $25, and he has appealed.

The evidence shows that the wine was made by Sluder from grapes grown upon his own premises, and he had a right, under section 5100 of Kirby's Digest, to sell the same in original packages of not less than five gallons; and the question in the case was whether he had made such sale.

The State's witness testified that he had bought a five-gallon keg from Sluder and left it with him. That he purchased on credit, and that from time to time he carried away a quart or half gallon or gallon until his keg was exhausted; and that he paid from time to time money on his purchase, and that at the time of the trial he had not made full payment. That the sums paid were not for the amount of wine received by him at the time but were credits upon his purchase of five gallons of wine; and that some of these payments were made in work, the remainder in cash. Sluder's testimony was practically to the same effect.

Whether the transaction amounted to the sale of an original package of five gallons, or whether it was really a sale of such quantities as the purchaser wanted from time to time, was fairly a jury question. What was said in *Robinson* v. *State*, 59 Ark. 341, as to whether there was a sale or loan of whisky is equally applicable here: "The law will not tolerate subterfuges of any kind; and if the defendant, under pretense of making a loan of whisky to be returned in kind, actually sold the whisky, as alleged, he should be punished. But whether he sold it or exchanged it for other liquor of the same kind, is a question of fact, and it is his right to have that question submitted to a jury, to be determined by them after a consideration of all the facts and circumstances surrounding the transaction."

In *State* v. *Brown*, 83 Ark. 44, this court held under the

facts there that the evidence established beyond question a sale, and the court should have so instructed the jury; but differentiated it from the Robinson case, as there were circumstances in it which would tend to prove a real loan, while the undisputed facts in the Brown case proved the transaction to be a sale. In the one it was a question for the jury; in the other, for the court.

This case falls within the Robinson case, and the good faith of the "five-gallon sale" should be determined by a jury.

Reversed and remanded.