## KAMENZEND v. STATE.

### Opinion delivered April 18, 1910.

1. LIQUORS—SALE OF WINE IN ORIGINAL PACKAGES.—A grower of grapes or berries, under Kirby's Digest, § 5100, may sell his wine made thereof in original packages of not less than five gallons, properly labeled, notwithstanding an adverse vote at the preceding general election or an order of the county court prohibiting the sale of native wine. (Page 497.)

2. SAME—SALE OF WINE IN SMALL PACKAGES.—Under Kirby's Digest, § 5100, a grower of grapes and berries in this State may sell wine made therefrom in quantities not less than one-fifth of a gallon, when properly labeled, anywhere, except where prohibited by an order of the county court under Kirby's Digest, § 5129, prohibiting the sale of liquors within three miles of a church or school house, or unless there is a local statute prohibiting the sale of wines. (Page 497.)

3. SAME—REPEAL OF STATUTES.—The act of April 1, 1895 (Kirby's Digest, § 5100), amending the three-mile law, did not repeal so much of Kirby's Digest, § 5093, as allowed the manufacturers of liquors to sell same in prohibition districts in original packages of not less than five gallons. (Page 498.)

Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans,* Judge; reversed.

*Sam R. Chew,* for appellant; *J. D. Benson,* of counsel.

A manufacturer or distiller may sell whisky in five-gallon original packages without incurring the penalties provided by the law for unlawful sale of liquors. 60 Ark. 247. Those who grow grapes may make wine thereof and sell same in original packages of not less than five gallons, notwithstanding the fact that at the next preceding election the vote of the people was against such sale. 67 Ark. 422; 84 Ark. 482.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

The only exception in favor of wines is in favor of sacramental purposes. 62 Ark. 585. The manufacture of wine made of grapes or berries cannot lawfully sell same without license, except in places where intoxicating liquors can be licensed according to law. 61 Ark. 482.

McCULLOCH, C. J. The question presented in this case is whether or not a grower of grapes or berries may make wine thereof and sell the same in original packages of not less than

five gallons, properly labeled, within the territorial limits of an order of the county court prohibiting the sale of native wines and all other vinous, spirituous or intoxicating liquors. The particular statute which controls is as follows:

"Any person who grows or raises grapes or berries may make wine thereof and sell the same in quantities not less than one-fifth of a gallon, or in sealed bottles, anywhere in the State without license when the same has been properly labeled as provided for in section 5101; provided, that the people shall have the right to petition the county court to prohibit the sale of native wine as now provided by law, but native wine shall not be included under section 5129, unless by special petition against wine; provided, further, that the growers of wine as above mentioned shall have the right to sell the same in original packages of not less than five gallons, as is now granted to manufacturers and distillers of whisky and brandy, under section 5093." Kirby's Digest, § 5100.

Section 5093 referred to in the above quoted section is as follows: "It shall not be lawful for any person to sell alcohol or any spirituous, ardent, vinous, malt or fermented liquors in this State, or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors, or intoxicating spirits of any character which are used and drank as a beverage in any quantity or for any purpose whatever, without first procuring a license from the county court of the county in which such sale is to be made authorizing such person to exercise such privilege. Provided, manufacturers of alcohol, vinous, ardent, malt or fermented liquors can sell in original packages without license. Provided, further, such original packages shall not contain less than five gallons."

We construed section 5100 to mean that a grower of grapes or berries may sell his wine made thereof in original packages of not less than five gallons, properly labeled, notwithstanding an adverse vote at the preceding general election or an order of the county court prohibiting the sale of native wine. *Sluder* v. *State*, 84 Ark. 482. He can also sell his wine without license in quantities of not less than one-fifth of a gallon, when properly labeled, unless prohibited by an order of the county court especially directed against the sale of native wine. *Bates* v. *State*, 81 Ark. 336.

An order of the county court entered pursuant to section 5100, especially directed against the sale of native wine, relates only to sales other than those made by growers in original packages of not less than five gallons. We are now speaking of statutes of general application, and not of special statutes applicable to particular localities. There may be special satutes that have the effect of prohibiting the sale of wines and all other kinds of liquors in any quantity, as in *Cotton* v. *State,* 62 Ark. 585.

Learned counsel for the State insist that *Sluder* v. *State, supra,* should not be regarded as decisive of the present case, for the reason that it is not shown in the statement of facts in the opinion that there had been an order of the county court especially directed against the sale of native wines. We find, from an examination of the transcript in that case, that there had been such an order of the county court, and the language of the opinion is unmistakable that the court intended to hold, just as we now hold, in the construction of the statute.

It is also insisted that the act of April 1, 1895, amending the three-mile law (Kirby's Digest, § 5129) repealed so much of section 5093 as allowed, in prohibition districts, the manufacturer of alcohol, vinous, ardent, malt or fermented liquors to sell the same without license in original packages of not less than five gallons, and that section 5100 allowed no greater privileges to growers of grapes. The particular language of the act of 1895, relied on, is that part which reads as follows: "And thereafter    *  *  *    it shall be unlawful for any person to vend or give away *any* spirituous, vinous or intoxicating liquors of any kind, or alcohol or any preparation thereof commonly called tonics, or bitters, within the limits aforesaid."

The Sluder case is also decisive of that question. We do not construe the act of 1895 as making any change in the law with reference to sales by manufacturers in original packages. It amended a prior statute so as to change the length of time a prohibition order shall run, but it made no other change, and in all other respects it closely follows the language of the prior statute.

The facts were agreed upon, so no useful purpose will be served in remanding the case.

Reversed and dismissed.