COTTON v. STATE.

Opinion delivered September 26, 1896.

LIQUORS—SALE IN FIVE-GALLON PACKAGE—SPECIAL ACT.—The special act prohibiting the sale or giving away of intoxicating liquors within five miles of the Dardanelle public school building (Acts 1895, p. 105), excludes the right of a manufacturer of such liquors, under the general statute, to sell the same within such territory in original packages of not less than five gallons.

Appeal from Yell Circuit Court, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

The appellant, W. E. Cotton, was indicted for selling whiskey within five miles of the public school building of the town of Dardanelle. The case was submitted to the court upon the following agreed statement of facts: "It is agreed that, on the first day of June, 1895, the defendant, W. E. Cotton, sold to Hugh McNutt for the sum of two dollars five gallons of whiskey at his distillery in the town of Dardanelle, Yell county, Arkansas; that at the time of said sale the said W. E. Cotton was a manufacturer of ardent liquors in said town of Dardanelle, and that said sale was made at his warehouse in said town, and that said whiskey was in the original package, and was manufactured by said Cotton."

The court found the defendant guilty as charged, and assessed his punishment at a fine of $50.00 and imprisonment in the county jail for a period of thirty days, and gave judgment accordingly. From this judgment an appeal was taken.

*Bullock & Hart*, for appellant.

The act of 1895 is but cumulative of the acts of 1883 amending the act of 1879, and appellant comes within the proviso of sec. 1 of said act. The act of 1895 contains no repealing clause, and the proviso of sec. 1 is not repealed. 51 Ark. 177; 41 *id.* 308; 51 *id.* 182.

*J. W. House*, also for appellant.

In the construction of a statute the context and the general scope of the same must be considered. Endlich, Interp. Stat., sections 40, 41, 43, 46, 228 241. In amendments to a general scheme of legislation a repeal is not presumed. Endlich, sections 195, 183, 210, 226; 67 Iowa, 541; 91 N. Y. 231. Where there is no repealing clause, it does not repeal a former statute, unless it is repugnant, or covers the whole scope of legis-

lation.    41 Ark. 150; 11 Wall. 656; 11 Wall. 364, 365; 3 How. 648; 10 Ark. 588; 23 Ark. 304.    It is not enough to justify the inference of repeal that the later law is different; it must be contrary to, and in conflict with, the prior law.    Sutherland, Stat. Const. sec. 147, 152, 153; 94 Pa. St. 495, 502, 503; 50 Ala. 276, 277; 56 Ala. 500; 16 La. An. 379, 380; 39 N. J. L. 274, 275, 276, 277; 16 Peters, 342, 363; 54 Mich. 168, 171. If, by fair and reasonable interpretation, acts which are seemingly incompatible or contradictory may be enforced, and made to operate in harmony, and without absurdity, both statutes will be upheld.    Sutherland, Stat. Con. sec. 152; 12 Bush (Ky.), 233, 236, 237; 64 Md. 419, 420, 421, 422, 423; 2 Ohio St. 607, 608.

RIDDICK, J., (after stating the facts).  The general assembly of 1895 passed a special act to prevent the sale or giving away of intoxicating liquors within five miles of the Dardanelle school house in Dardanelle, Yell county, which act was approved April 9th, 1895.    The contention of appellant is that section 4851, Sand. & H. Dig., gives manufacturers of vinous, ardent, malt, or fermented liquors the right to sell liquors in original packages of not less than five gallons without license, and that this right of such manufacturers to sell was not affected by the special act above mentioned.  We are of opinion that this contention cannot be sustained. The act in question makes it "unlawful for any person to sell or give away any vinous, spirituous, or intoxicating liquors  *  *  *  within five miles of Dardanelle public school building." It contains an exception in favor of wines for sacramental purposes, and also provides that the provisions of the act shall not extend to Pope county, but it makes no exception in favor of the manufacturers of liquors, and the courts can make none.

The judgment is affirmed.