SALMON *v*. STATE.

Opinion delivered December 10, 1906.

LIQUORS—SALE BY MANUFACTURER WITHIN THREE-MILE DISTRICT.—The act of March 8, 1879, as amended March 26, 1883, providing that manufacturers of liquors are authorized to sell in original packages not less than five gallons, has no application to the three-mile districts created under the act of March 21, 1881, as amended by act of February 20, 1883, prohibiting the sale of liquors except wine manufactured by the seller.

Appeal from Woodruff Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*J. W. & M. House,* for appellant.

1. Manufacturers were exempted from the provisions of the act of 1879, and were permitted to sell in original packages of not less than five gallons without license. Acts 1879, p. 33. They were also exempted from the provisions of the amendatory Act of 1883, and by that act permitted to sell without license, upon the same terms. Acts 1883, p. 192.

The "three mile" law was enacted March 21, 1881. If it applied to distilleries, it was repealed by the general repealing clause of the act of 1883. Acts 1883, p. 192, § 4.

The acts amendatory of the three-mile law of 1881 contain no general repeal words. Acts 1883, p. 54; Acts 1889, p. 139; Acts 1895, p. 86. Hence there is nothing in these acts amending, expressly or by implication, the proviso allowing distilleries to sell in original packages anywhere.

2. The authority to make implies the authority to sell, and, unless there is some act specifically prohibiting the sale of liquor by a distillery, it would have the right to sell. 33 Wis. 666; 3 Minn. 296; 60 Ark. 247.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

1. The act of 1879 was a revenue act, as also the acts amendatory thereof, and has no application in this case.

The "three-mile" law of March 21, 1881, was an independent act, and not amendatory of any previous act. It is simply a prohibition act, and contains no provision exempting a manufacturer who sells in original packages. Neither does any subsequent amending act contain any such exemption.

2. Under our statute a manufacturer has no right to sell intoxicating liquors in a prohibited district, even in original packages. 62 Ark. 585.

BATTLE, J: "Ed Salmon, the appellee, hereinafter called the defendant, was indicted in the Woodruff Circuit Court for unlawfully selling five gallons of whisky within three miles of Ebenezer Church, situated in the Southern District of Woodruff County. He was convicted on September 7, 1906, by the court, sitting as a jury, upon the following statement of facts, towit:

"It is agreed that the Cache River Valley Distilling Company is a corporation which has complied with all the laws of the United States authorizing it to distill ardent spirits and whisky at Mayberry, Arkansas, in the Southern District of Woodruff County, Arkansas.

"It is further agreed that Ed Salmon is the manager and agent of the Cache River Valley Distilling Company, for the purpose of operating said distillery and of disposing of the output thereof. It is agreed that on the first day of June, 1906, the said Ed Salmon, after having complied with the laws of the United States with reference to the stamping and selling of whisky

produced at said distillery by putting same into an original package containing not less than five gallons, sold one of said original packages, containing not less than five gallons, to one W. C. Hogan for the price of $12.50.

"It is also agreed that the place at which said sale of said five-gallon package of whisky was made is within three miles of a church, known as Ebenezer Church, in the said Southern District of Woodruff County, and that at the January term, 1906, of the county court of Woodruff County, an order was made and entered by said county court prohibiting the sale or giving away of any ardent, vinous, malt or intoxicating liquors within three miles of the said Ebenezer Church, as is provided by law, within a period of two years thereafter, and until the further order of the court, and which said order is in words and figures as follows, towit:

"In the Woodruff County Court, January Term, 1906.

"In the matter of the petition to prohibit the sale of liquors within three miles of Ebenezer Church.

"On this day is presented to the court the petition of Dave Mayo, and other adult inhabitants residing within three miles of Ebenezer Church, situated upon the northwest quarter of section three (3), in township four (4) north, range three (3) west, praying an order of this court prohibiting the sale or giving away of intoxicating liquors of any kind or native wine within three miles of said Ebenezer Church. And upon examination thereof the court finds that said petition contains the names of a majority of the adult inhabitants residing within three miles of said Ebenezer Church; and it is hereby ordered by the court that the prayer of said petition be granted and the sale or giving away of any intoxicating liquors of any kind or alcohol or native wine, by any name whatever known, is hereby prohibited within three miles of said Ebenezer Church, for the period provided by law.

"He was sentenced to pay a fine of $50, and from this judgment he appealed."

Did appellant have the right to sell the whisky manufactured by himself in original packages, containing not less than five gallons, within three miles of Ebenezer Church?

Manufacturers of ardent, vinous, malt or fermented liquors were authorized to sell liquors of their manufacture in original

packages containing not less than five gallons, without license, by an act entitled "An act to regulate the sale of vinous, ardent, malt or fermented liquors," approved March 8, 1879. The act entitled "An act providing for the prohibition of the sale or giving away of vinous, spirituous or intoxicating liquors of any kind within three miles of any academy, college, university or other institution of learning, or of any church house in this State" was approved March 21, 1881. The latter act prohibited the sale of all liquors in districts created under it, except wine sold for sacramental purposes, and alcoholic stimulants prescribed and furnished by regular practicing physicians to the sick under their charge. Both of these acts were amended in 1883. The act approved March 8, 1879, was amended by an act approved March 26, 1883, but the provision as to manufacturers of ardent, vinous, malt or fermented liquors was left unchanged. The other act was amended by an act approved February 20, 1883, and that was so amended as to read: "and provided further, that nothing herein contained shall prohibit the sale or giving away by manufacturers of wine made from grapes or berries in quantities of one quart or more, or in sealed bottles."

Both of these acts were passed at the same session of the General Assembly, and must be construed together, and made to stand, if reconcilable. Construed in this manner, all manufacturers of ardent, vinous, malt or fermented liquors were prohibited from selling liquors in three-mile districts created under the act of March 21, 1881, except manufacturers of wine made from grapes or berries, and they could sell only in quantities of one quart or more, or in sealed bottles. The privileges of manufacturers of whisky as to the three-mile districts have not been extended further since then. Appellant was lawfully convicted. *Cotton v. State*, 62 Ark. 585.

Judgment affirmed.