JONES *v.* STATE.

Opinion delivered March 17, 1930.

*Harney M. McGehee,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy, Assistant,* for appellee.

KIRBY, J. This appeal is prosecuted from a conviction of violation of the statute on a charge of possessing burglary tools.

Appellant was indicted jointly with Hollis Ponder for violation of the statutes, § 2438, C. & M. Digest, the indictment charging in the language of the statute, "accuse the defendants, of the crime of possession of burglary tools," and specifically that the defendants "unlawfully and feloniously did have in their custody and possession a certain false key, which was then and there adapted, designed and commonly used for breaking and entering into store buildings, dwelling houses, etc." A demurrer was filed and overruled, and appellant elected to sever and was separately tried.

The testimony shows, that about 4:45 in the morning of October 23, 1929, two officers of the police department of Fort Smith saw the appellant and Hollis Ponder with their car parked in the Cash Oil filling station at Fort Smith. As the officers turned the corner, they saw Jones, the appellant walk away from the filling station and his companion was stooped over the lights of the car. The officers stopped and questioned the appellant and his companion, and were told that they were on their way from Henrietta, Oklahoma, to Little Rock, and had stopped to fix their lights. One of the boys said they had purchased the car in Little Rock, and explained how it came to have an Oklahoma license on it, and the officers said one admitted that it was a stolen car. They got into a row, and one of the boys drew his gun on one of the officers, who took guns off of both of them. One of the officers struck one of the boys on the side of the jaw. The officer who stated that appellant had drawn his gun on him drew his gun, and said, "Drop your gun, you son-of-a-bitch, or I will kill you," "and he dropped whatever he had in his hand at the time." The officers carried appellant and his companion up town and put them in jail, and sometime afterwards (the evidence does not disclose how long) one of them went back to the filling station to get his flash-

light that he had dropped near the door of the station between the car of appellants and the door, and then discovered a piece of a skeleton key. Next morning it was discovered that the end of the skeleton key had been broken off in the lock of the door of the filling station, and, being taken out and matched with the part of the key recovered on the ground, it was shown to be the same key. Neither of the officers stated that appellant or his companion at any time had the key or any part of it in his possession, and they did state that they did not see the key in the possession of either of them. There was testimony showing that the broken key was "a false key" or a skeleton key, and was of the kind the burglars used. They also said skeleton keys—"they are keys that open many locks," could be used by any one, and were used by a great many people in the opening of doors.

It is insisted for reversal that the court erred in overruling the demurrer to the indictment, and especially that the testimony is insufficient to support the verdict. The indictment charges the offense committed in the language of the statute, which does not provide that the person shall have the key to or implement in his possession with intent to commit the crime of burglary, etc., and was sufficient, and the demurrer was properly overruled. *Satterfield* v. *State,* 174 Ark. 733, 296 S. W. 63.

No witness saw or testified, however, that the appellant, his companion, or either of them, "had in his custody or concealed about his person" this false key or any part of it. The broken key was not in the lock when the filling station was closed the evening before, nor any part of the key discovered, the piece on the ground or in the lock, before the return of the officers to the filling station after having arrested appellant and carried him to jail. The key could as well have been inserted and broken off in the lock between the time of the closing of the filling station the night before and the time appellant stopped the car at 4:45 the next morning, or between the time of his arrest and the return of the officer after taking

him to jail. Circumstances at most raise an inference or suspicion against appellant, but such suspicion is no substantial evidence of the commission of a crime, and is not sufficient to support the verdict. *Reed* v. *State,* 97 Ark. 156, 133 S. W. 604; *Cook* v. *State,* 173 Ark. 711, 293 S. W. 32; *Holford* v. *State,* 173 Ark. 989, 294 S. W. 33.

The judgment must accordingly be reversed, and the cause remanded for a new trial.

HUMPHREYS, J. The circumstances are sufficient in my opinion to connect appellant with the skeleton key. Therefore I dissent.