RANDALL v. STATE

5125                                389 S. W. 2d 229

Opinion Delivered April 19, 1965.

*W. B. Howard* and *Jack Segars,* for appellant.

*Bruce Bennett,* Atty. Gen., *By: John P. Gill,* Asst. Atty. Gen., for appellee.

ED. F. McFADDIN, Associate Justice. On information duly filed, the appellants, Randall and Carmack, were jointly tried and convicted of the offense of possession of burglary tools (Ark. Stat. Ann. § 41-1006 [Repl. 1964] ), and they bring this appeal.[1] The motion for new trial contains nine assignments, but the appellants insist here on only the two points which we now list and discuss.

## I.

The appellants state their first point: ''The Court erred in admitting in evidence certain tools discovered by the Sheriff, after appellants' arrests, and after the time of the alleged commission of the offense with which they are charged, and at a place far removed from the scene of appellants' arrests, and further erred in admitting testimony relative to such tools.''

The appellants were arrested in Paragould on the night of April 18th; and in their car were certain articles, being two ''walkie-talkie'' radios, gloves, a box of Smith & Wesson cartridges, a hand axe, a ball-peen hammer, a long screwdriver, a small screwdriver, a broad blade cold

---

[1]Some of our cases involving this statute are: *Satterfield* v. *State,* 174 Ark. 733, 296 S.W. 63; *Jones* v. *State,* 181 Ark. 336, 25 S.W. 2d 752; *Prather* v. *State,* 191 Ark. 903, 88 S.W. 2d 851; and *Cascio* v. *State,* 213 Ark. 418, 210 S.W. 2d 897.

chisel, a short cold chisel, a light broad bladed cold chisel, a punch, two cellophane bound packages of rope, and a loose section of grass rope marked with green stain. The appellants were placed in jail in Paragould; and two days later (April 20th) Sheriff Woodrow Davidson, having received information that the appellants had been heard to talk about a bridge, went about two miles from Paragould and there in high grass near a bridge, the Sheriff found other items, being two crowbars, chisel, flashlight, dynamite caps, and some wire to discharge the dynamite caps, a lock, and also a leather briefcase. Over the objection of appellants these additional items found at the bridge were introduced in evidence by the testimony of Sheriff Davidson. Other witnesses, likewise over appellants' objections, testified that the items found at the bridge were similar in brand, design, dirt thereon, etc., to those first found in the appellants' possession.

The ruling of the Court, in allowing the introduction of the items found at the bridge, is the point that the appellants now argue. But in the motion for new trial there is no assignment relating to the testimony of Sheriff Davidson, who introduced into evidence the tools found at the bridge. To duly preserve a point for presentation to this Court in a felony case, like the one here, there must be: (1) an objection; (2) an exception; and (3) the point must be carried forward in the motion for new trial.[2] *Clardy* v. *State,* 96 Ark. 52, 131 S.W. 46; *Long* v. *State,* 217 Ark. 712, 233 S.W. 2d 237. This third essential is lacking in the case at bar, so we cannot consider the point now argued. *State* v. *Keese,* 223 Ark. 261, 265 S.W. 2d 542.

However, in view of the reversal because of the second point, it is only proper to say that if the case is retried it must be shown by testimony *legally obtained* that it was the statement of the appellants that caused the officer to know where to find the property at the bridge.[3] We also

---

[2] We have held that Act. No. 555 of 1963 relates only to civil cases and that the motion for new trial is still required in criminal cases. *McConnell* v. *State,* 227 Ark. 988, 302 S.W. 2d 805.

[3] In this connection it is only fair to the present counsel to note that neither of them represented the appellants in the Trial Court or in the preparation of the motion for new trial.

think it proper to mention that while it is not necessary in a prosecution under this statute to show that the accused had the tools with the intent to commit a particular burglary, it is nevertheless proper in all cases to show felonious intent; and any evidence legally obtained bearing on felonious intent is admissible.[4] A person legally engaged in the business of opening safes might have possession of all the tools necessary for burglars, yet such mere possession, *without felonious intent,* would certainly not make a felon of a lawful business man. In *Satterfield* v. *State,* 173 Ark. 733, 296 S.W. 2d 63, the appellants were charged with possession of burglary tools. It was shown that a store had been entered in Spiro, Oklahoma, and part of the property stolen from that store was in the possession of the accused. There is this statement in the Opinion: ". . . nor was the possession of the stolen flour properly admitted over appellant's objection, for the only purpose for which it could have been competent was to show the intent for which these tools were possessed, . . ." We think that sentence and the holding regarding the exclusion of the stolen flour should be modified to the extent herein stated.

## II.

The appellants state their second point: "The Court erred in receiving the testimony of witnesses to impeach the appellant Carmack with reference to the whereabouts of appellants Carmack and Randall some 12 days prior to the commission of the offense in question, their whereabouts at such time not having any relevancy to the case at bar and same being an improper attempt to impeach appellant on a collateral matter."

The appellant Randall did not testify, but the appellant Carmack did. On cross examination Carmack was asked if he and the appellant Randall were in Carruthersville, Missouri, and Haiti, Missouri, on April 5th and 6th, and whether one or both of appellants had gone into the office of the Arkansas Missouri Power Company in either or both of these towns during office hours. Carmack stated

---

[4]In this connection, see annotation in 103 A.L.R. 1313 entitled: "Construction and application of statute relating to burglar tools."

positively and unequivocally that he and Randall had not been in Haiti or Carruthersville, Missouri, on either April 5th or 6th, and that he had never been in the office of the Arkansas Missouri Power Company on either of said days. Then on rebuttal the State called Mrs. Annie Franklin, who was the cashier of the Arkansas Missouri Power Company at Haiti, Missouri, and Mrs. Marjorie Taylor, who was the cashier of the Arkansas Missouri Power Company at Carruthersville, Missouri; and each of these ladies positively stated that both Randall and Carmack had been in the office in which she worked during business hours of April 5th and 6th.

The testimony of each of the witnesses, Mrs. Annie Franklin and Mrs. Marjorie Taylor, was allowed over the objections of the appellants and duly preserved of record; and that ruling is the point on this appeal. The appellants argue that the testimony of the ladies was designed to impeach Carmack on a collateral matter, citing, *inter alia, Spence* v. *State,* 184 Ark. 139, 40 S.W. 986. The rule as to witnesses applies to a defendant: *Shinn* v. *State,* 150 Ark. 215, 234 S.W. 636. The correct rule on this matter was stated in *McAlister* v. *State,* 99 Ark. 604, 139 S.W. 684; "In order to avoid an interminable multiplicity of issues, it is a settled rule of practice that when a witness is cross examined on a matter collateral to the issues he cannot, as to his answer, be subsequently contradicted by the party putting the question. The test of whether a fact inquired of in cross examination is collateral is this: would the cross examining party be entitled to prove it as part of his case, tending to establish his plea?"

So the decisive question is whether the State could have offered the testimony of Mrs. Annie Franklin and Mrs. Marjorie Taylor in its case in chief; that is, could the State have shown that on April 5th and 6th these two men were in Haiti or Carruthersville, Missouri, and at each place visited the office of the Arkansas Missouri Power Company during business hours.[5] We think such

---

[5]There is no need for us to discuss at length the rule as to the exclusion of other crimes. See *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804; *Moore* v. *State,* 227 Ark. 544, 299 S.W. 2d 838; and *Rhea* v. *State,* 226 Ark. 664, 291 S.W. 2d 521.

evidence is entirely too remote, and if the State had offered it in its case in chief it should have been rejected.

For the error in admitting the testimony of the witnesses, Mrs. Franklin and Mrs. Taylor, the judgment is reversed and the cause remanded.