**Thomas ADCOCK, Plaintiff In Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14276.**

Court of Criminal Appeals of Oklahoma.
July 31, 1968.

R. A. Pyle, Eufaula, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Thomas Adcock, hereinafter referred to as defendant, was charged by information with the crime of Burglary in the Second Degree After Former Conviction of a Felony in the District Court of McIntosh County, Oklahoma. He was tried by a jury and convicted of the crime of Attempted Burglary in the Second Degree After Former Conviction of a Felony and from the judgment and sentence rendered against him, a timely appeal has been perfected to this Court.

On appeal it is first contended that the trial court erred in admitting into evidence a car tool found near the scene of the burglary in the path taken by the defendant when he unsuccessfully attempted to flee from the scene. Under this assignment of error the defendant contends:

"\* \* \* There is nothing about this tool that makes it only a burglary tool, it is found around many service stations like the one Mr. Williams runs at Onapa, Oklahoma. It was not found in the possession of the defendant, in fact, it was not found at all until the next morning. \* \* \* It should not have been admitted into evidence, there was no testimony which positively connected this defendant with this particular tool."

As authority the defendant cites Jones v. State, 181 Ark. 336, 25 S.W.2d 752:

"That burglary tools may be introduced and received into evidence only after proof is made connecting the tools with the defendant or the crime."

It is the State's position that the authority relied on by the defendant supports the admission of the car tool in evidence since there was testimony linking it with the attempted burglary in that the tool matched with pry marks found on the molding of the door of the building attempted to be burglarized. The general rule on estab-

lishing the relevancy and materiality of real evidence such as this tool has been stated in 2 Wharton's Criminal Evidence (12th edition) § 675, as follows:

"In order to establish the relevance and materiality of real evidence, it must in some manner be connected with the perpetrator of victim of the crime *or with the crime itself*. It follows that in order to justify the admission of this evidence, its identity must be shown to be that of the article or substance which it purports to be and that the character of such article or substance must be as purported. It is not necessary that such identification should positively and indisputably describe and relate to such evidence. *If a question of fact as to the connection of the articles sought to be admitted with the defendant or the crime is raised, the evidence should be admitted for the determination of the jury.* The lack of positive identification in such a case affects the weight of the article or substance as evidence, rather than its admissibility.

Thus, a cap, found near the scene of the crime, which the state contended was worn by the accused, was admissible in evidence even though it could not be positively identified as having belonged to the accused. \* \* \*" [Emphasis added]

■ We are of the opinion that the Attorney General is correct in his contention that no error was committed by the admission of this tool since it was connected with the burglary. As we view the holding in Jones v. State, supra, such evidence is admissible when (1) the burglary tools are connected with the defendant, or (2) where they are connected with the crime. Clearly in the instant case the tools were connected with the crime.

■ It is next contended "that the trial court erred in giving instructions instructed [sic] the jury that attempted burglary was an includable offense of the crime of burglary second degree. That in allowing this instruction to be given

was prejudicial to the rights of the plaintiff in error." Defendant has cited some nine cases under this proposition in his brief; however, none are directly in point, nor does the State cite authority from this jurisdiction wherein Burglary in the Second Degree has been construed as being an included offense in the charge of Attempted Burglary in the Second Degree.

We are of the opinion, under the record here presented, that Attempted Burglary in the Second Degree is a necessary included offense in the charge of Burglary in the Second Degree and that defendant's contention that since Attempted Burglary in the Second Degree, After Former Conviction of a Felony was not alleged in the information, he was not apprised of the charge with such particularity as to be prepared to defend against it, is without merit.

■ The elements of Attempted Burglary in the Second Degree are all included in the offense of Burglary in the Second Degree with the additional requirement that in order to support a conviction for Burglary in the Second Degree, it is necessary to show an unlawful entry. This being true, we are of the opinion that a defendant who is prepared to defend against the charge of Burglary in the Second Degree is also of necessity prepared to defend against Attempted Burglary in the Second Degree since the latter is included in the former.

In 42 C.J.S. Indictments and Information § 285, we find the following:

"It is a general rule that every completed crime necessarily includes an attempt to commit it, so that, under a charge of a completed offense, accused may be convicted of the lesser offense of attempting to commit the crime charged, as under statutes in terms providing for conviction of an attempt, or statutes permitting accused to be found guilty of any offense necessarily included in the charge, and the rule that one may be convicted of an attempt under a charge of the completed offense has been held

applicable to misdemeanors as well as to felonies. * * *"

*  *  *  *  *  *

*Burglary.* Since the commission of burglary ordinarily implies an attempt to commit it, on an indictment or information for the completed offense accused may be convicted of an attempt, and statutes in terms permitting conviction of an attempt on a charge of the substantive offense have been held applicable to burglary. Where an indictment charges breaking and entry with intent to commit a designated felony, and also charges the actual commission of such felony, accused may, it has been held, be convicted of an attempt to commit burglary in either the first or second degree or of an attempt to commit a nonburglarious breaking and entry of the dwelling of another, and this is true, although the state may fail to prove the actual commission of the designated felony."

For the reasons above set forth, we are of the opinion that this assignment of error is wholly without merit.

The judgment and sentence appealed from is accordingly affirmed.

NIX, P. J., and BRETT, J., concur.