Marvin Don **ALLBRIGHT**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–16306.

Court of Criminal Appeals of Oklahoma.

April 26, 1972.

Rehearing Denied May 22, 1972.

Mac Oyler, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Marvin Don Allbright, hereinafter referred to as defendant, was convicted in the District Court of Logan County, case number CRF–70–7, of attempted burglary and was sentenced to thirty-four (34) months imprisonment. Judgment and sentence was imposed on October 2, 1970, and this appeal perfected therefrom.

It was charged by information that the defendant did on the night of February 1, 1970, attempt to pry open the backdoor and attempt to enter without the consent of the owner, the Good Drugstore, located in Crescent, Oklahoma, Logan County, but was prevented and intercepted by the arrival of a police officer. Defendant was tried on this charge on June 9, 1970, and the jury returned a verdict of guilty as charged and assessed a punishment at a term of two (2) years and four (4) months. However, before the imposition of the judgment and sentence, defendant's motion for a new trial and arrest of judgment were confessed by the State on July 10, 1970, whereupon the district court set aside the jury's verdict and granted a new trial. The information was then amended to state that defendant attempted to enter the premises "with the wilfull and felonious intent to steal" therefrom. Defendant was retried on the amended charge on September 18, 1970, and the jury returned the verdict finding defendant guilty as charged and assessing punishment at thirty-four months imprisonment. Judgment and sentence in accordance with this verdict was imposed on October 2, 1970, and this appeal perfected therefrom.

The evidence established that the backdoor of the drugstore, consisting of a wooden door and a screen door, were locked and secured when the business was closed on February 1, 1970. The owner had not given permission for any employee or other person to enter the place of business. Parker Waldridge, Crescent Police Officer, testified that on the evening of February 1, 1970, he had checked the backdoor of Good's Drugstore around 7:00 P. M. and found the rear door to be secure. Much later that evening Officer Waldridge heard a cracking or popping noise just as he was entering the alley behind the drugstore. Within seconds he pulled in behind the drugstore and observed a subject run to the right of his car. The officer alighted from his car and observed the defendant lying on the ground north of the backdoor to the drugstore. The defendant then jumped up and ran, but stopped on command from the officer. The officer took a ball peen hammer with yellow paint on the head from defendant's rear pocket. This hammer was admitted as State's Exhibit No. 1. When he was found at the scene and arrested, defendant was wearing olive colored G.I. type gloves, marked with the number 4. The gloves were admitted into evidence as State's Exhibit Nos. 2 and 3. After taking the defendant to the Crescent Jail the officers returned to the backdoor of the drugstore and found a large screwdriver and two bars. The two bars, one marked with yellow paint and the other with grease, were admitted as State's Exhibit Nos. 4 and 5. Officer Waldridge testified that the backdoor of the store showed fresh pry-marks with some grease. Another officer summoned to the scene testified that the defendant was wearing the gloves when arrested, had the hammer on his person, and corroborated the finding of the screwdriver and bars near the backdoor of the drugstore.

It is defendant's first contention that the evidence is insufficient to support the consummation clause of the information. Defendant states that the State must plead and prove the failure of consummation in the attempted burglary charge. In Ervin v. State, Okl.Cr., 351 P.2d 401, 405, it was held, "It is well recognized that there are three essential elements requisite to constitute an attempt to commit a crime and they are: intent, performance of some act toward its commission, and failure of consummation. An adequate allegation as to failure of consummation is absolutely nec-

essary as an element of the attempted commission of a crime."

■ As to the consummation aspect, the information charged: "Defendants would have completed their entrance into said building if they had not been prevented and intercepted in the perpetration thereof by the arrival of Parker Waldridge a Crescent City Police Officer . . ." Defendant argues that since the officer did not see defendant actually pry on the backdoor, there is no evidence that the officer prevented or intercepted the attempted unlawful entry. Defendant questions: "Was he prevented from entering by reason of the steel bar behind the door, or did he abandon said entry, or did the officer prevent entry by arrival?" By their verdict, finding the defendant guilty as charged, the jury answered that question concluding that the officer prevented entry by his arrival. We are of the opinion that the allegation in the information as to failure of consummation was adequate. We are further of the opinion that the evidence, although circumstantial, supported the findings of the jury. It is not necessary that there be direct testimony to establish that the officer's arrival prevented consummation.

It is defendant's second contention that the evidence was insufficient to support a conviction for attempted burglary, and that the evidence would only support a conviction under 21 O.S. § 1438, a misdemeanor offense, where a person enters a building with an unlawful intent under circumstances not amounting to a burglary. We disagree.

■ The trial court fully instructed the jury under the general attempt statute, 21 O.S. § 42, as applied to burglary in the second degree, 21 O.S. § 1435, and further instructed them as to the misdemeanor offense of entering buildings with unlawful intent not amounting to second degree burglary, 21 O.S. § 1438. We are of the opinion that the evidence supports the finding of the jury that defendant was guilty of attempted burglary. See Kimbro v. State,

Okl.Cr., 447 P.2d 444; and Chaffin v. State, Okl.Cr., 447 P.2d 445.

■ Defendant's third assignment of error that the State's Exhibits were not properly identified and therefore improperly admitted, is without merit. As stated in Haughey v. State, Okl.Cr., 447 P.2d 1019: "Objects allegedly found at the scene of the crime are admissible after connection with the crime by identification, and lack of positive identification merely affects weight of evidence, not admissibility." In Adcock v. State, 444 P.2d 242, 244, citing Wharton's Criminal Evidence, it was held: "In order to establish the relevance and materiality of real evidence, it must in some manner be connected with the perpetrator of victim of the crime or with the crime itself. . . . It is not necessary that such identification should positively and indisputably describe and relate to such evidence. If a question of fact as to the connection of the articles sought to be admitted with the defendant or the crime is raised, the evidence should be admitted for the determination of the jury." Accordingly, we conclude that the Exhibits were properly admitted for the determination of the jury.

It is defendant's fourth assignment that the trial court erred in not granting a mistrial because of a prejudicial remark by the prosecutor during the closing argument. The challenged remark is as follows: "Now, comes the question of intent. This is a difficult question in any case— how simple or how complete it is. Attempt is a difficult thing to measure—it is not like measuring the distance from the flag to the back of the room or how much water a quart will hold. Attempt is contained only in the mind and the only way we can truly determine this attempt by the defendant is for him to tell us. You can't guess what my intentions are, and I can't guess what your intentions are." After the remarks were made by the prosecutor, the defense counsel immediately approached the bench and outside the hearing of the jury requested a mistrial on the theory that

the remark, "for him to tell us," constituted a comment upon defendant's failure to testify. The trial judge, outside the hearing of the jury, indicated that he did not believe the remark constituted error which should require a mistrial. However, the judge offered to make a statement to the jury in an attempt to cure any improper implication from the prosecutor's remark. The judge said: "I am giving the defendant the option of whether he wants me to make some statement that will explain to the jury that the defendant doesn't have to take the stand or we can let it go—whichever you think would be best." Defense counsel then elected that the trial court make no reference or statement to the jury in this regard.

█ The Fifth Amendment prohibition against self-incrimination, through the Fourteenth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt" in a state criminal trial. Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). Furthermore, Oklahoma, by statute, 22 O.S.1971, § 701, provides that although a defendant at his own request shall be a competent witness, "his failure to make such request shall not create any presumption against him nor be mentioned on the trial; . . . ."

█ Reading the prosecutor's challenged remark in its context, indicates that the prosecutor was attempting to illustrate that intent is a mental factor rather than a clearly observable factor. We are of the opinion that the prosecutor was not attempting to comment upon defendant's failure to testify, and that his remark in its context was not considered by the jury as a comment upon defendant's failure to take the stand and testify. In concluding that the prosecutor's remark did not require a mistrial, we observe that the remark of the prosecutor was dangerously close to an impermissible remark of prejudicial magnitude. Such a remark in similar words and under different circumstances might well constitute reversible error.

█ It is defendant's final contention that the jury assessed punishment of thirty-four months imprisonment on his second trial violates due process of law, since his first jury verdict assessed a punishment at two years and four months. Defendant argues that the increase in punishment upon the retrial violates the due process clause of the United States Constitution and relies upon North Carolina v. Pierce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. However, this Court has recently held that there is no error where a *jury* imposes a harsher sentence on retrial than the sentence assessed at the first trial. In Jerry v. State, Okl.Cr., 496 P.2d 422, this Court held "that neither the double jeopardy provision nor the equal protection clause of the constitution imposes an absolute bar to a more severe sentence assessed by a jury upon reconviction at a second trial."

Therefore having considered the contentions raised by the defendant, and finding them without merit, we conclude that the judgment and sentence should be, and is hereby affirmed.

BUSSEY, P. J., and SIMMS, J., concur.