William Greg McKEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–791.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1978.

Joe L. Roselle, Gary D. Long, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, William Greg McKee, hereinafter referred to as defendant, was charged with violation of 21 O.S.1971, § 1435, Burglary in the Second Degree, After Former Conviction of a Felony. He was tried be-fore a jury in the Oklahoma County District Court, convicted, and sentenced to fifteen (15) years in the Oklahoma State Penitentiary. From said judgment and sentence defendant has perfected an appeal to this Court.

The defendant was discovered by the police inside the thawing room of a Sirloin Stockade Restaurant in Oklahoma City at approximately 5:20 a. m. He was arrested, searched, and transported to the City Jail where he was booked on a charge of burglary. At the scene, a long screwdriver and its broken tip were found upon the defendant's person. The thawing room door had been opened by prying up a retaining eyebolt.

The defendant had three previous drug related convictions, and was on parole at the time of his arrest.

During the second stage of the trial, it was stipulated that the defendant in this case, No. CRF–75–3724, was one and the same person as William Greg McKee, who was named in the Judgment and Sentence of Case No. CRF–74–2838; that said former conviction was for unlawful possession of controlled drugs; that the conviction in Case No. CRF–74–2838 is a final judgment; and that State's Exhibit No. 8 is a certified copy of that judgment and sentence.

The defendant's first assignment of error is that the trial court erred in allowing State's Exhibit Nos. 1 and 2 (the screwdriver, its broken tip, and a pair of gloves) into evidence, contending that the State failed to properly connect these instrumentalities to the crime. The defendant cites *Adcock v. State,* Okl.Cr., 444 P.2d 242 (1960), as authority for the proposition that the State must demonstrate the instrumentality's connection in two different ways. According to the defendant's interpretation of *Adcock,* it would be necessary for the State to show both the instrumentality's connection to the defendant, and to separately demonstrate its linkage to the crime. We do not share that interpretation. In *Adcock,* supra, we held that such evidence is admissible when "(1) the burglary tools are connected with the defendant, or

(2) where they are connected with the crime." In the present case, the implements in question were clearly connected with the defendant, having been found upon his person at the time of his arrest. In volume 22A C.J.S. Criminal Law § 712 it is stated:

" * * * a weapon or instrument found in the possession of accused or of his criminal associates which, although not identified as the one actually used, is similar in form and character thereto, or which, from the circumstances of the finding, justifies an inference of the likelihood or possibility of its having been used, is admissible for the purpose of showing availability to the accused of the means of committing the crime in the manner in which it is shown to have occurred."

See *Harris v. State,* Okl.Cr., 450 P.2d 857 (1969) and *Beeks v. State,* Okl.Cr., 563 P.2d 653 (1977). It is our opinion that the broken screwdriver in the instant case is an instrument the accused could have used to pry open the door to the thawing room and as such is admissible evidence under the above stated authority. Therefore, we find that the defendant's first assignment of error is without merit.

The defendant's second assignment of error is that the trial court committed reversible error in allowing the State, over the defendant's objection, to cross-examine the defendant as to the details of his prior convictions. The record reveals that defense counsel's objection was provoked by the prosecutor's improper references to the defendant's previous parole.

The defendant argues that the prosecutor implied during this cross-examination, that defendant was motivated to commit the crime charged by the need to support an alleged drug habit. Furthermore, defendant insists that this inflamed the jury in the conviction stage of the proceedings to an extent sufficient to prejudice the result. This Court, in *Booker v. State,* Okl.Cr., 312 P.2d 189 (1957) stated:

"Testimony of other convictions may be inquired into for the purpose of testing credibility of the defendant on cross-examination, but in no event is it admissible to prove other offenses committed by defendant unless it comes within one of the exceptions to the rule as laid down in previous decisions by this court. Those exceptions permit evidence of other crimes when it tends to establish, (1) motive, (2) intent, (3) the absence of mistake or accident, (4) common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial."

█ It is apparent that the State's inquiry in this case, though not exemplary, was within the bounds of the motive exception set forth in *Booker.* It cannot fairly be said, therefore, that this aspect of the cross-examination was a source of prejudicial harm. Furthermore, we remain unconvinced that the jury became "inflamed" during either stage of this trial. During the second stage of the trial, the jurors were instructed to assess a punishment of not less than ten (10) years. We find it difficult to accept the proposition that a jury, "inflamed" to a degree sufficient to prejudice the defendant in the conviction stage of the trial, would not retain such prejudicial disposition during the subsequent stage. Therefore, we find it significant that the jury in the present case recommended only a fifteen-year sentence. This does indeed indicate, as the defendant's counsel so ably pointed out, that the jury intended to assess a punishment which was only marginally above the ten-year minimum established by the court's instructions.

█ The State's references, in the course of this cross-examination, to the parole procedures utilized by the Oklahoma Department of Corrections are of greater concern. This concern is compounded, in the present case, by fact that these references were incorporated into a cross-examination designed to explore defendant's previous convictions. As a general proposition, it is usually proper for the prosecuting attorney

to cross-examine the defendant as to former convictions. *Mathews v. State,* Okl.Cr., 549 P.2d 358 (1976). However, such questioning is permissible only insofar as it remains within the bounds of propriety previously defined by this Court. That boundary was first established in *Little v. State,* 79 Okl.Cr. 285, 154 P.2d 772 (1945), wherein we said:

"The court should not allow the County Attorney to go into detail concerning the crime for which the defendant had been formerly convicted, as that is a collateral matter, not relevant to the crime charged and the conviction may only be inquired into for the purpose of affecting the credibility of the witness. The conviction, the name of the court in which the conviction occurred, the nature of the crime, and the date are all pertinent factors, but the details of the crime involve extraneous matters concerning which the prosecution should not inquire . . . ."

In *Winn v. State,* 94 Okl.Cr. 383, 236 P.2d 512 (1951), the defendant was convicted of child molestation and sentenced to five years in the penitentiary. There, we invoked the criteria set out in *Little,* supra, and determined that the cross-examination of the defendant exposed too much detail of a former conviction. This, along with the fact that the prosecution subsequently failed to prove the former conviction therein discussed, served as the basis for modification of the sentence to three years imprisonment. The defendant's attorney cites *Ervin v. State,* Okl.Cr., 351 P.2d 401 (1960), as authority for the proposition that the defendant suffered prejudicial consequences from the jury's exposure to details of defendant's former convictions, as revealed during his cross-examination. However, the excessive "detail" which this Court found objectionable in the *Ervin* case is not duplicated in the case at hand. In *Ervin,* supra, the defendant had been convicted of Burglary in the Second Degree, After Former Conviction of a Felony, and we reversed. There, the State's attorney, in the course of cross-examining the accused, delved deeply into the specific circumstances surrounding each of his three prior burglary convictions. After close scrutiny of the record in the present case, we have determined that it fails to reveal "detail" of the character proscribed by our decisions in *Ervin* and *Winn,* supra.

The State argues that cross-examination of the defendant upon prior convictions is proper for purposes of impeaching the credibility of the witness. *Hall v. State,* Okl. Cr., 538 P.2d 1113 (1975), is cited as authority for this proposition. It is true that in that case this Court relied upon *Little,* supra, in holding that a prosecuting attorney may cross-examine defendant with reference to his prior felony convictions during the first stage of a bifurcated trial. However, this was solely permitted for the purpose of attacking the credibility of the witness. Furthermore, *Hall* only allowed this provided the prosecutor is "extremely cautious" in such endeavors, and inquires only as to the nature of the previous crimes. See also, *Brown v. State,* Okl.Cr., 496 P.2d 395 (1972).

■ Although the cross-examination in question cannot be said to have divulged too much detail of the immediate circumstances surrounding the defendant's former convictions, the prosecuting attorney's transparent references to parole procedures were clearly improper. This Court has had ample opportunity to rule on such practices. In *Bell v. State,* Okl.Cr., 381 P.2d 167 (1963), we set a new precedent prohibiting inferences of this sort:

"The law does not make it any part of the jury's province to speculate on the defendant's conduct in the penitentiary, and the awards of grace he may receive because of good behavior. In fact, the jury's role is that of an arm of the judicial branch of the government, and the incarceration of a convict is one of administration for an arm of the executive branch of the government. To permit the jury to project itself in this manner into the executive branch of the government is clearly contrary to our constitutional concept of division of powers."

■ The possible eventuality of future parole, therefore, is an undesirable intrusion into the jury's deliberative processes. In *Sam v. State,* Okl.Cr., 523 P.2d 1146 (1974), we reaffirmed our position in *Bell,* stating:

"Defense counsel's objection at trial was well taken, as the prosecutor's remarks clearly alluded to the possibility of parole. As we have repeatedly held, such references are grossly prejudicial to an accused, and constitute the improper injection of administrative procedures into the judicial process."

■ Most recently, we encountered this question in *Evans v. State,* Okl.Cr., 541 P.2d 273 (1975). In that case, we modified the defendant's sentence because of the prosecutor's deliberate attempt to comment by inference upon the possibility of parole. We are in agreement that in the present case the State's attorney stepped across the defined boundary of proper cross-examination by inserting therein inferences concerning parole. However, we do not believe that the prosecutor's comment contributed to a finding of guilt, but rather may have influenced the jury in assessing a greater punishment than would otherwise have been assessed, had the misconduct not occurred. Furthermore, a caveat concerning this matter was given to the jury in the instructions. The pertinent instruction was Instruction No. 7, which stated:

"This evidence [of former convictions] was not admitted as tending to prove guilt or innocence of the defendant of the specific offense charged in the information in this case, but should you find from the evidence that such other convictions have been had, you may, in your discretion, consider the same, as such facts may or may not, in your judgment, affect the weight and credit which you will give to the testimony of the defendant but *for no other purpose.*" (Emphasis ours).

We therefore view the prosecutor's improper cross-examination as grounds for modification of the sentence imposed.

The defendant's third assignment of error is that the trial court erred in refusing to allow the defendant to prove that the prior conviction alleged in the information was a misdemeanor and not a felony. The final assignment of error, based on the assumption that the defendant's previous conviction was indeed a misdemeanor, takes issue with the wording of the instructions given during the second stage of the proceedings.

These assignments of error are entirely without merit. In Case No. CRF–72–2536 the defendant was convicted of Unlawful Possession of a Controlled Drug, a misdemeanor, under 63 O.S.1971, § 2–402(B)(2). After that, in Case No. CRF–74–2838, he was charged with Unlawful Possession of a Controlled Drug (Amphetamine) *After Former Conviction of a Felony.* However, the defendant was, in truth, convicted of Unlawful Possession of a Controlled Drug, *second and subsequent offense,* a felony under 63 O.S.1971, § 2–402(B)(2). Unfortunately, the judgment and sentence in Case No. CRF–74–2838 mistakenly stated that the defendant had been convicted of Unlawful Possession of a Controlled Drug, *After Conviction of a Felony.* This error was compounded when the judgment and sentence was reformed to read "Unlawful Possession of a Controlled Drug, a misdemeanor." This was also patently incorrect. Title 63 O.S.1971, § 2–402(B)(2) states:

" * * *

"Any Schedule III, IV or V substance, marihuana or a substance included in subsection D of Section 2–206 is guilty of a misdemeanor punishable by confinement for not more than one (1) year. A second or subsequent violation of this section with respect to any Schedule III, IV or V substance, marihuana or a substance included in subsection D of Section 2–206 is a felony punishable by imprisonment for not less than two (2) nor more than ten (10) years."

Phencyclidine is a substance included in Schedule III. Title 63 O.S.1972, § 2–208. Amphetamine is a Schedule II substance, included in subsection D of § 2–206. Title 63 O.S.1977, Supp. § 2–206(D)(1).

It is clear that defendant's conviction in Case No. CRF–74–2838 was a *second and subsequent conviction* under 63 O.S. 1971, § 2–402(B)(2), and thus constituted a felony punishable for not less than two (2) nor more than ten (10) years. Pursuant to this conviction, defendant was sentenced to two (2) years in the state penitentiary. We must conclude, therefore, that defendant had, in fact, been previously convicted of a *felony.* It follows, then, that his prior felony conviction was a suitable instrument by which to enhance defendant's sentence pursuant to 21 O.S.1971, § 51(1). The judgment and sentence in Case No. CRF–74–2838, although it inaccurately stated "After Former Conviction of a Felony" was still evidence of a conviction of an offense that was punishable by imprisonment. We remain unconvinced that the average jury would have found the State's case significantly less persuasive had the correct wording of "second and subsequent" instead of "after former conviction of a felony" been used in the judgment and sentence. Therefore its use for the purpose of enhancing the defendant's sentence in the instant case, if error, was harmless. Title 20 O.S.1971, § 3001. Furthermore, whether a prior conviction is a felony or a misdemeanor is an issue of law to be decided by the trial court. Had the trial court determined that the prior conviction was in fact a misdemeanor it would have been error for the trial court to instruct under the Habitual Felon Act; had such been the case the trial court could have properly instructed on the punishment for a first offender only.

After extensive review of the entire record, we have determined that the prosecuting attorney's inferences upon the possibility of parole were clearly improper. Although this impropriety was not so grossly prejudicial as to mandate reversal, it could have prompted the jury to increase their sentence recommendation. We therefore modify the judgment and sentence from a term of fifteen (15) years' imprisonment, to a term of ten (10) years in the penitentiary. As thus MODIFIED, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.